**JUDGE KARAS**

08 CIV 5142

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CARL FINN,

                          Docket No.:

                Plaintiff,

-against-                        **VERIFIED**
                                        **COMPLAINT**

NEW YORK STATE OFFICE OF MENTAL
HEALTH-- ROCKLAND PSYCHIATRIC CENTER,
JEROME FORMAN, OSMOND CLARKE,
NIRANJANA PATEL and NEW YORK STATE OFFICE
OF MENTAL HEALTH,

                Defendants.
----------------------------------------------------------------x

Plaintiff, CARL FINN, by his attorneys, YUEN ROCCANOVA SELTZER & SVERD LLP, complaining of the defendants, alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law § 296 and § 297 for employment discrimination based upon race, color, national origin, retaliation against plaintiff for opposing discriminatory practices. This action is additionally based upon defendants' violations of 42 U.S.C. § 1983 to redress defendants' deprivation of the rights, privileges and immunities secured to plaintiff by the First, Fifth and Fourteenth Amendments to the Constitution of the United States as well as all related provisions of the New York State Constitution. Plaintiff seeks appropriate monetary relief as well as appropriate equitable and other relief to redress the wrongdoing complained of herein.

## STATEMENT PURSUANT TO LOCAL RULE 9

2. For purposes of complying with Local Rule 9, plaintiff states that he has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

## JURISDICTION & VENUE

3. Jurisdiction of the Court over this controversy is based upon 42 U.S.C. §2000e et seq. and 42 U.S.C. § 1983.

4. Actions based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and 42 U.S.C. § 1983 are permitted to be brought before the United States Courts pursuant to 28 U.S.C. § 1331.

5. The dominant subject matter of this Complaint is also grounded under New York State Executive Law §§ 296 and 297.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's claims under the New York State Executive Law.

7. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391, as plaintiff was employed by defendant, NEW YORK STATE OFFICE OF MENTAL HEALTH, ROCKLAND PSYCHIATRIC CENTER, in the Southern District of New York, a substantial portion of the events giving rise to the claim occurred in the Southern District of New York and, upon information and belief, at least one defendant resides in the Southern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On or about November 15, 2006, plaintiff filed a Charge of Discrimination with the New York State Division of Human Rights. The Charge of Discrimination was dual filed with the United States Equal Employment Opportunity Commission (EEOC) and assigned Charge No. 16G200700611.

9. In said Charge of Discrimination, plaintiff alleged that defendants discriminated against him based upon his race, color and national origin and that defendants had retaliated against him because plaintiff engaged in protected activity.

10. On March 6, 2006, the EEOC issued a "Notice of Right to Sue Within 90 Days" to plaintiff with reference to his Charge of Discrimination. The Notice of Right to Sue advised plaintiff of his right to file an action against defendant in the appropriate federal court within ninety (90) days of his receipt thereof.

11. Plaintiff has filed this Complaint within the time prescribed by the Notice of Right to Sue.

12. Plaintiff demands a jury trial to resolve all issues in this action.

## PARTIES

13. Plaintiff, CARL FINN, during all times hereinafter mentioned was and still is a citizen of the United States and a resident of the State of New York, County of New York.

14. Defendant NEW YORK STATE OFFICE OF MENTAL HEALTH, ROCKLAND PSYCHIATRIC CENTER (hereinafter "RPC"), was and still is a municipal corporation duly organized and existing pursuant to the laws of the State of New York and is conducting business at 140 Old Orangeburg Road, Orangeburg, New

York 10962 and, at all relevant times, had and still has at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

15. Upon information and belief, defendant JEROME FORMAN, at all relevant times hereunder, has been employed as defendant's Director of Human Resources Management and has had responsibility for hiring, promotions, discipline of discharge of defendant's employees, including plaintiff.

16. Upon information and belief, defendant NIRANJANA PATEL, at all relevant times hereunder, has been employed as defendant's Nutrition Service Administrator II and was one of plaintiff's supervisors and has had authority over hiring, promotions, discipline of discharge of defendant's employees, including plaintiff.

17. Upon information and belief, defendant OSMOND CLARK, has been employed by defendant and was one of plaintiff's supervisors.

18. Defendant NEW YORK STATE OFFICE OF MENTAL HEALTH, was and still is a municipal corporation duly organized and existing pursuant to the laws of the State of New York and is conducting business at 44 Holland Avenue, Albany, New York 12229 and, at all relevant times, had and still has at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## FACTS

19. Plaintiff is black.

20. On or about January 6, 2005, plaintiff was hired by RPC for the position of Food Service Worker I.

21. In that position, plaintiff performed in an exemplary manner and received full-time employment with RPC at the conclusion of his probationary period.

22. Beginning in January 2006, plaintiff became aware that overtime opportunities were afforded to RPC employees in a discriminatory manner.

23. RPC gave overtime opportunities to employees in a disparate and discriminatory manner at the expense of black employees.

24. RPC disproportionately awarded overtime opportunities and overtime pay to Asian Indian employees and other employees who were not black. These employees received a disproportionate amount of overtime opportunities and overtime pay in comparison with black employees.

25. As a result of defendants' discriminatory overtime policy, plaintiff was denied overtime opportunities and overtime pay that he sought and for which he was otherwise qualified. This constitutes an adverse employment action.

26. In April 2006, plaintiff passed the Civil Service examination to become a Mental Health Therapy Aide.

27. Plaintiff applied for a promotion to the position of Mental Health Therapy Aide on or about the following dates: September 2, 2006, May 20, 2007 and on subsequent occasions in 2007.

28. Plaintiff also applied for promotions to food service supervisory positions in or about July 2006.

29. Plaintiff was denied these promotions on each and every occasion that he applied for them.

30. Plaintiff was denied the promotions on account of his race and in retaliation for his complaints and protected activity. This constitutes an adverse employment action.

31. RPC promoted employees to food service supervisory positions and two mental health therapy aide positions that were not black and that possessed qualifications that were inferior to plaintiff's qualifications.

32. The employees that typically benefited from this discriminatory promotion practice were Asian Indians.

33. Defendants have a practice and history of denying promotions and declining to hire to blacks and other non-Indian employees.

34. Plaintiff complained about the above-mentioned discriminatory practices, discriminatory hiring, discriminatory promotion and overtime policies to his immediate supervisors on numerous occasions beginning in March 2006 and continuing through December 2006.

35. Defendants and/or their agents were aware of plaintiff's complaints of discrimination.

36. Defendants failed to adequately address plaintiff's complaints or take appropriate corrective action.

37. Plaintiff also made complaints about the service of rotten and expired food items to psychiatric patients. Plaintiff also complained about food shortages that he believed reflected stealing and misappropriation and/or embezzlement and/or abuse of public funds and budgets.

38. Plaintiff began making these complaints in March 2006. These complaints constitute speech on a matter of public concern because they are directed to health and safety conditions at a public mental health facility as well as abuse of public funds and, as such, are protected by the First Amendment.

38. Defendants and/or their agents were aware of plaintiff's protected First Amendment speech. Defendants failed to adequately address plaintiff's complaints or take appropriate corrective action.

39. Once plaintiff started to express his complaints of discrimination and engaged in speech of public concern, plaintiff suffered retaliation in the form of pretextual criticism directed so as to cause plaintiff's wrongful termination. Such criticism was unsupported, disparate, discriminatory and in bad faith so as to prevent plaintiff's continuation in his position and to prevent him from being promoted.

40. Plaintiff also suffered retaliation in the form of a physical attacks committed by his supervisor, defendant Osmond Clarke in May 2006, October 2006 and December 2006.

41. From July 20, 2006 through August 2, 2006, plaintiff worked eighty (80) hours but was paid for only forty (40) hours of work in retaliation for plaintiff's opposition to discriminatory practices and speaking on matters of public concern. Plaintiff complained to defendant and/or its agents about this action.

42. Defendants additionally threatened plaintiff's employment upon learning about plaintiff's complaints of discrimination and protected First Amendment speech.

43. After plaintiff filed his Charge of Discrimination with the New York State Division of Human Rights on or about November 15, 2006, plaintiff suffered increased retaliation from the defendants.

44. Defendants intensified their retaliation by making a false criminal complaint of second degree harassment against plaintiff on December 19, 2006. A criminal action was commenced against plaintiff in the Town of Orangetown Justice Court. The charges against plaintiff were dismissed on February 26, 2007.

45. Defendants continued to retaliate against plaintiff by placing plaintiff on Administrative Leave on or about December 18, 2006 and placed plaintiff on suspension on January 26, 2007. In placing plaintiff on suspension, defendants advised that they were instituting termination proceedings against plaintiff.

46. Defendants formally terminated plaintiff on August 30, 2007.

47. Plaintiff was discharged because he opposed discriminatory practices and engaged in protected First Amendment speech.

48. On March 28, 2007, the New York State Division of Human Rights issued a Determination After Investigation which found that there was probable cause to believe that defendant RPC had engaged in the discriminatory practice complained of.

## FIRST CAUSE OF ACTION

49. Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

50. The foregoing actions by defendants and their agents, which occurred subsequent to plaintiff's complaints of discrimination and subsequent to plaintiff's filing his initial Charge of Discrimination, violate Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law § 296 and § 297 in that defendants and their agents' actions constitute unlawful employment practices because of retaliation and reprisal in that defendants and their agents discriminated against plaintiff and undertook the complained of actions because he made complaints of discrimination and filed said charge.

51. By their actions, defendants and their agents treated plaintiff differently from other employees on account of retaliation and reprisal and discriminated against him in compensation, terms, conditions and privileges of employment including, but not limited to, terminating plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law § 296 and § 297.

52. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and/or Article 15 of the New York State Executive Law § 296 and § 297. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

53. Defendants and their agents' acts of retaliation, reprisal and discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

54. By reason of defendant's actions and inactions, whereby defendant and its agents have engaged in unlawful discriminatory practices based upon retaliation and reprisal, plaintiff has been severely damaged. Plaintiff has suffered loss of economic

benefits, salary and employment prospects. Plaintiff has also been damaged physically and emotionally. He has developed anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured.

55.   Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including reinstatement; an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorneys' fees, expert fees, costs and disbursements.

## SECOND CAUSE OF ACTION

56.   Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

57.   The foregoing actions by defendants and their agents, which occurred subsequent to plaintiff's engaging in constitutionally protected speech on matters of public concern, violate 42 U.S.C. §1983 and the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States as well as all related provisions of the New York State Constitution in that defendants and their agents' actions constitute unlawful employment practices because of retaliation and reprisal in that defendants and their agents discriminated against plaintiff and undertook the complained of actions because he engaged in speech on matters of public concern, which are protected by the First Amendment to the United States Constitution as well as the New York State Constitution.

58. By their actions, defendants and their agents treated plaintiff differently from other employees on account of retaliation and reprisal and discriminated against him in compensation, terms, conditions and privileges of employment including, but not limited to, terminating plaintiff's employment in violation of 42 U.S.C. §1983 and the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States as well as all related provisions of the New York State Constitution

59. Defendants and their agents cannot demonstrate any legitimate non-retaliatory reason for the actions complained of herein; nor can their actions be otherwise justified under 42 U.S.C. §1983 and the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States as well as all related provisions of the New York State Constitution 297. Any alleged non-retaliatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

60. Defendants and their agents' acts of retaliation, reprisal and discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

61. Defendants had a policy and practice of retaliating against plaintiff because plaintiff engaged in constitutionally protected activities. Defendants intentionally committed, condoned or were deliberately indifferent to the violations of plaintiff's constitutional rights.

62. By reason of defendant's actions and inactions, whereby defendant and its agents have engaged in unlawful discriminatory practices based upon retaliation and

reprisal, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits, salary and employment prospects. Plaintiff has also been damaged physically and emotionally. He has developed anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured.

63. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including reinstatement; an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorneys' fees, expert fees, costs and disbursements.

### THIRD CAUSE OF ACTION

64. Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

65. The foregoing actions by defendants and their agents violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law § 296 and § 297 in that defendants and their agents' actions constitute unlawful employment practices because plaintiff's race and color.

66. By their actions, defendants and their agents treated plaintiff differently from other employees on account of his race and color and discriminated against him in compensation, terms, conditions and privileges of employment including, but not limited to, denying plaintiff promotions, denying plaintiff overtime opportunities and overtime pay and terminating plaintiff's employment in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law § 296 and § 297.

67. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and/or Article 15 of the New York State Executive Law § 296 and § 297. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

68. Defendants and their agents' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

69. By reason of defendant's actions and inactions, whereby defendant and its agents have engaged in unlawful discriminatory practices based upon plaintiff's race and color, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits, salary and employment prospects. Plaintiff has also been damaged physically and emotionally. He has developed anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured.

70. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including reinstatement; an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorneys' fees, expert fees, costs and disbursements.

## FOURTH CAUSE OF ACTION

71. Plaintiff repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as set forth herein.

72. The foregoing actions by defendants and their agents, which occurred subsequent to plaintiff's engaging in constitutionally protected speech on matters of public concern, violate 42 U.S.C. §1983 and the rights, privileges and immunities secured to plaintiff by the Fifth and Fourteenth Amendments to the Constitution of the United States as well as all related provisions of the New York State Constitution in that defendants and their agents' actions constitute unlawful employment practices in violation of plaintiff's substantive and procedural due process rights.

73. Plaintiff had liberty and property interests in his employment with RPC. Plaintiff's discharge was effected without affording plaintiff the requisite pre-deprivation and post-deprivation hearings and/or procedural protections.

74. Plaintiff was also publicly stigmatized by the unlawful termination and has suffered harm to his reputation and was defamed during the course of, in connection with and as a result of said termination.

75. By reason of defendants' actions and inactions, whereby defendant and its agents have violated plaintiff's constitutional due process rights, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits, salary and employment prospects. Plaintiff has also been damaged physically and emotionally. He has developed anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured.

compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

   d. On the fourth cause of action, appropriate injunctive and monetary relief, including reinstatement; an expungement of all discriminatory motivated records; a name-clearing hearing and all other procedures deprived of; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

   e. An award of attorney's fees, expert fees, costs and disbursements; and

   f. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
    June 3, 2008

              Respectfully submitted,  
              YUEN ROCCANOVA SELTZER &  
              SVERD LLP

              By: _____  
              Steven Seltzer (SS 9023)  
              Counsel for Plaintiff  
              132 Nassau Street, Suite 1300  
              New York, New York 10038  
              (212) 608-1178

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

    I, Carl Finn, am the Plaintiff in the within action for a divorce. I have read the foregoing complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Subscribed and Sworn to
before me on June 3rd, 2008.

_____
Notary Public

_____
Carl Finn

WINNIE LEE
Notary Public, State of New York
No. 01LE6007469
Qualified in New York County
Certificate Filed in New York County
Commission Expires May 18, 2000